IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY L. LUFF, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 10-1500 ) |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 12th day of March, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for benefits on August 19, 2008, alleging a disability onset date of May 19, 2008, due to deep vein thrombosis (DVT) of the left leg with post-phlebitis syndrome. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on January 29, 2010, at which plaintiff, represented by counsel, appeared and testified. On March 17, 2010, the ALJ issued a decision finding that plaintiff is not disabled. On September 14, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 23 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). She has at least a high school education and has past relevant work experience as a cashier and nursery school attendant, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairment of deep venous thrombosis (DVT) of the left leg with post phlebitis syndrome,

that impairment, alone or in combination with any other impairment,[1] does not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the sedentary exertional level but with certain restrictions accounting for the limiting effects of her impairment including: being precluded from all but incidental - defined as up to not more than one-sixth of an eight-hour workday - postural adaptations, *i.e.*, crouching, crawling, balancing, climbing; no exposure to unprotected heights and dangerous machinery; and a discretionary sit/stand option.[2] (R. 40-41).

---

[1] The ALJ found that although plaintiff has been diagnosed with depression, that impairment is not severe. Plaintiff does not challenge the ALJ's finding in regard to her depression.

[2] The court notes that the ALJ's residual functional capacity finding is not as clearly articulated as it might be. In the heading to paragraph 4 of his decision, the ALJ indicates that plaintiff has the residual functional capacity to perform the full range of light work. (R. 12). In the narrative portion of the decision it becomes apparent that the heading is a typographical error and that the ALJ's actual finding is that plaintiff has the residual functional capacity for work at the sedentary level but with "the above-noted restrictions." (R. 15). The "above-noted restrictions," however, are never set forth specifically in the decision and in fact can only be ascertained by reviewing the transcript of plaintiff's hearing, where they are set forth in a hypothetical to the vocational expert. (R. 40-41). Nevertheless, the court is satisfied that substantial evidence supports a residual functional capacity finding limiting plaintiff to sedentary work with the restrictions set forth in the ALJ's hypothetical to the vocational expert and that the ultimate finding of not disabled is not compromised in any way by the ALJ's somewhat ambiguous finding. Moreover, plaintiff makes no objection to the ALJ's residual functional capacity finding other than to suggest that an additional restriction requiring her to elevate her legs should have been incorporated. Plaintiff's argument in this regard will be addressed herein.

Taking into account the foregoing restrictions, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including telephone solicitor, data entry clerk and order clerk. Relying on the vocational expert's testimony, the ALJ found that although plaintiff cannot perform her past relevant work she is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[3] 20 C.F.R. §416.920. If the

---

[3] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if

claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises two challenges to the ALJ's determination that plaintiff is not disabled: (1) the ALJ improperly evaluated plaintiff's credibility; and, (2) the ALJ improperly rejected the vocational expert's response to plaintiff's counsel's hypothetical which indicated that plaintiff is disabled. Upon review, the court is satisfied that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

First, the court finds no error in the ALJ's evaluation of plaintiff's subjective complaints of pain and limitations. As required, in assessing plaintiff's credibility the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence and all of the other evidence of record. 20 C.F.R. §416.929(c); see also SSR 96-7p.

Here, the ALJ found that although plaintiff's impairment reasonably could be expected to cause plaintiff's alleged symptoms, her statements regarding the intensity, persistence and

---

not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

AO 72
(Rev. 8/82)

- 5 -

limiting effects arising from those symptoms were inconsistent with the medical evidence as well as with her daily activities. (R. 12-15). In particular, the ALJ noted that the medical evidence does not show any significant exertional restrictions that would prevent plaintiff from performing sedentary exertional work, (R. 13-14), and that her activities are not indicative of a person who is totally disabled. (R. 15). Accordingly, the ALJ found that plaintiff's allegations of totally disabling limitations are not credible.

In making his credibility finding, the ALJ adhered to the appropriate standards set forth in the regulations and SSR 96-7p and adequately explained the reasons for that finding. The ALJ's credibility finding is supported by substantial evidence in the record as outlined in his decision.

Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of not only her activities of daily living but also in light of the medical evidence, which revealed the absence of clinical and objective findings supporting plaintiff's allegations of totally debilitating symptoms.

In addition, although plaintiff contends that the ALJ "mischaracterizes [plaintiff's] testimony of what she actually

does," as the Commissioner aptly notes plaintiff's testimony at the hearing was inconsistent with a function report she had completed in September of 2008 (R. 118-27) which indicated that she is not as extremely restricted as she testified she is at the hearing.

It also is important to note that while the ALJ did not find plaintiff's subjective complaints entirely credible, the ALJ did accommodate plaintiff's allegations as to the limitations arising from her impairment to the extent her allegations are supported by the medical and other evidence. Only to the extent that plaintiff's allegations are not so supported did the ALJ find them to be not credible. The court is satisfied that the ALJ's evaluation of plaintiff's credibility is supported by substantial evidence.

Plaintiff also argues that the ALJ improperly rejected the vocational expert's response to a hypothetical posited by plaintiff's counsel incorporating an additional limitation that would require plaintiff to be away from her work-station to elevate her legs with no set frequency or duration but "essentially it would average out to 15 minutes per hour." (R. 42). The vocational expert testified that such a limitation "would result in no jobs in the national economy." (Id.).

A hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984). Here, an additional limitation requiring plaintiff to elevate her legs up

to 1/4 of the work-day is supported neither by the objective medical evidence nor by plaintiff's daily activities. Accordingly, the ALJ did not err in rejecting the vocational expert's response to a hypothetical posited by plaintiff's attorney incorporating such limitations. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Kelie C. Schneider, Esq.
　　Robert Peirce & Associates, P.C.
　　707 Grant Street, 2500 Gulf Tower
　　Pittsburgh, PA 15219

　　Michael Colville
　　Assistant United States Attorney
　　700 Grant Street
　　Suite 4000
　　Pittsburgh, PA 15219

AO 72
(Rev. 8/82)

- 8 -